IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSHUA PAUL HILTON HOLT #548475, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:19-cv-2918-B-BN |
| JOHN DOES and JANE DOES, | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Joshua Paul Hilton Holt, a Tennessee prisoner, who has not paid a filing fee, brings this *pro se* action concerning information he states he has regarding the assassination of President John F. Kennedy. *See generally* Dkt. No. 3. His action has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b)(1) and a standing order of reference from United States District Jane J. Boyle. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss Holt's complaint with prejudice as factually frivolous and/or for failure to state a claim.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). And claims within a complaint lack an arguable basis in fact if they describe "fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 327-28. But such claims may be dismissed

> as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual* allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam); emphasis added by *Smith*). And the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson*, 574 U.S. at 11. Indeed, to survive dismissal under the framework of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007),

and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson*, 574 U.S. at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

These rationales has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

Holt's allegations lack a logical set of facts that supports a claim for relief. *See, e.g.,* Dkt. No. 3 at 1 ("I, Joshua Paul Hilton Holt, am a blood relative of the Ferro Family, a Sicilian Mafia family. I have direct knowledge of the use of devices and technology that allowed for participants in the assassination of President John F. Kennedy to avoid detection of their participation, and allow them to murder President Kennedy by influencing Lee Harvey Oswald to shoot the President .... I was given a code system by ... the Ferro Family, attained in part to me at the filming of a television commercial for my 8th birthday at Rollhaven skating rink in Genesee County Michigan

....).

The Court need "not try to decipher what any of this means," since "'[t]o do so might suggest that these [assertions] have some colorable merit.'" *Atakapa Indian de Creole Nation v. Louisiana*, ___ F.3d ____, No. 19-30032, 2019 WL 6712330, at *2 (5th Cir. Dec. 10, 2019) (quoting *Crain v. Comm'r*, 737 F.2d 1417, 1417 (5th Cir. 1984) (per curiam)); *cf. id.* at *1 ("Some claims are 'so insubstantial, implausible, ... or otherwise completely devoid of merit as not to involve a federal controversy.'" (quoting *Oneida Indian Nation of N.Y. v. Oneida Cnty.*, 414 U.S. 661, 666 (1974))). And, considering Holt's assertions, the Court need not allow leave to amend, as any amendment related to the factual allegations now before the Court would still not present a plausible claim for relief over which the Court would have jurisdiction.

## Recommendation

The Court should dismiss the complaint with prejudice as factually frivolous and/or for failure to state a claim.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 13, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE